UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY EMERSON,<br><br>    Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-08607-YGR (AGT)<br><br>**DISCOVERY ORDER** |

On multiple occasions, counsel have failed to prepare joint statements. *See* Dkt. 44–47, 50, 52, 53. This indicates they are not cooperating to the degree expected of attorneys practicing in this district. The specificity of the process described below reflects the level of oversight that is unfortunately necessary to ensure fair and efficient discovery.

Going forward, the following procedures will apply to each joint statement filed in this case. By noon on any given day after meet-and-confer efforts have failed, the moving party will email its opening section of the joint statement and its cited exhibits to the opposing party. By noon three business days later, the opposing party must email its responding section and its cited exhibits to the moving party. If the moving party's opening section was two-and-a-half pages, then the joint statement is complete and the moving party must file the finalized joint statement with the Court on the same day that it receives the opposing party's section, without making any changes to its moving section or to the opposing party's responding section, and without adding additional exhibits.

If the moving party's opening section is less than two-and-a-half pages, then the moving party may add a reply section. By noon one business day after the moving party receives the opposing party's responding section, the moving party must email the complete proposed joint statement to the opposing party, with the moving party's reply section included. In drafting its reply, the moving party may not modify its moving section or the opposing party's responding section and

1 may not add exhibits.  After the moving party emails the complete proposed joint statement to the

2 opposing party, the moving party must file it with the Court on the same day.  Examples of how

3 these procedures are expected to apply follow.

> **Example 1.** Before noon on Monday, plaintiff emails her opening section of a joint statement and her cited exhibits to defendants.  Plaintiff's section of the joint statement is two-and-a-half pages.  By noon on Thursday of the same week, defendants must email their responding section and their cited exhibits to plaintiff.  Plaintiff must then file the complete joint statement with the Court on the same Thursday, without making any additional changes to the statement.
>
> **Example 2.** Before noon on Friday, plaintiff emails her opening section of a joint statement and her cited exhibits to defendants.  Plaintiff's section of the joint statement is two-and-a-half pages.  By noon the following Wednesday, defendants must email their responding section and their cited exhibits to plaintiff.  Plaintiff must then file the complete joint statement with the Court on the same Wednesday, without making any additional changes to the statement.
>
> **Example 3.** Before noon on Monday, plaintiff emails her opening section of a joint statement and her cited exhibits to defendants.  Plaintiff's section of the joint statement is two pages.  By noon on Thursday of the same week, defendants must email their responding section and their cited exhibits to plaintiff.  By noon on Friday of the same week, plaintiff must email her reply section to defendants.  (Because plaintiff's opening section was two pages, plaintiff's reply section can be half a page.  Plaintiff cannot modify her moving section or defendants' responding section and cannot add exhibits.)  Plaintiff must file the complete joint statement with the Court on the same Friday.

Per a prior order, three joint statements were due yesterday.  *See* Dkt. 47.  Counsel didn't meet this deadline.  *See* Dkt. 53 (explaining that they were unable to agree on joint statements).  Two weeks ago, defendants filed a purported joint statement that plaintiff objected to: plaintiff asserted that it was not in fact a joint statement.  *See* Dkt. 50, 52.  The procedures described in this order now govern the submission of these failed joint statements.  The Court won't consider any statement until it is submitted or resubmitted in compliance with this order.

**IT IS SO ORDERED.**

Dated: August 11, 2021

ALEX G. TSE
United States Magistrate Judge

2