UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY EMERSON,<br><br>Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC., et al.,<br><br>Defendants. | Case No. 20-cv-08607-YGR (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 60–62 |

This order resolves the pending disputes over deposition scheduling and deposition conduct. The other pending discovery disputes will be addressed in one or more separate orders.

\* \* \*

1. Emerson's request for additional discovery before her deposition is denied. Both sides have exchanged initial disclosures, in compliance with General Order No. 71. Emerson wants and is entitled to more discovery, but she hasn't identified anything in particular that she needs before being deposed. More than eight months have passed since her case was removed to federal court, and the fact discovery cutoff is less than thirty-five days away. It's well past time that Emerson sat for her deposition. She must do so on or before September 15, 2021.[1]

2. Iron Mountain hasn't persuasively explained why it needs fourteen hours to depose Emerson. Emerson's deposition will be limited to seven hours, per FRCP 30(d)(1).

3. The depositions of defense witnesses Michael Mahoney, George Rubi, and Sarah Rook must take place after September 15, but on or before October 1, 2021. Each will be limited to seven hours.

---

[1] This order shouldn't be construed as suggesting that Emerson can't obtain additional discovery before her deposition. She may, but with or without it she must be deposed.

4. Iron Mountain's request for a discovery referee, who would supervise the remaining depositions, is denied. Iron Mountain claims that during the deposition of defense witness Gia Allen, Emerson's counsel's conduct was "reprehensible," and that a referee is needed to prevent future misconduct. *E.g.*, Dkt. 61 at 1. The use of the word "reprehensible" here is hyperbole at best. Emerson's counsel acted professionally during Allen's deposition. He asked reasonable questions and didn't invade the witness's privacy, as Iron Mountain suggests. A discovery referee isn't needed.

5. There was a communicative breakdown during Allen's deposition. It was due to a lack of planning. Counsel on both sides should have met and conferred to address how exhibits would be shared with the witness during what was to be a remote deposition taken through Zoom. They didn't do so, or if they did, then not effectively. As a result, they spent hours of valuable deposition time disagreeing over an exhibit-sharing protocol. The Court expects counsel to be able to agree on reasonable deposition protocols. If they can't, protocols will be imposed.

6. During future depositions in this action, the defending attorney may state any or all of the following in response to a question, if legally appropriate: "Object to form," "I instruct you not to answer," or "Don't include privileged information in your answer." Absent unusual circumstances, no other response should be made.

**IT IS SO ORDERED.**

Dated: August 30, 2021

ALEX G. TSE
United States Magistrate Judge