UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY EMERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-08607-YGR (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 59 |

　　　　This order resolves the pending disputes over Emerson's interrogatories.

　　　　1. Iron Mountain must answer Rog 3 in part. The company needs to identify the people who participated in the decision to terminate Emerson, and then describe the role each of them played in that decision. The company doesn't need to describe "in detail each [such] person's . . . communications regarding [Emerson's] separation from her employment." Dkt. 59-1 at 3. Emerson can seek that detail through more efficient means: she can depose the decisionmakers and seek their communications through document requests.

　　　　2. Iron Mountain must amend its response to Rog 5 to identify "each and every essential function of the project supervisor position held by [Emerson] in 2019." Dkt. 59-1 at 4. Essential functions are finite in number, so a fulsome response shouldn't be too burdensome. Iron Mountain's prior response, in which it simply referred to a previously produced copy of the job description, wasn't sufficient. It's possible that not every essential function of the role was listed in the job description, and that certain duties listed in the description weren't essential functions. If Iron Mountain intends to rely on the job description in answering Rog 5, it must confirm that all essential functions of the position were listed in the job description, and it must identify any job responsibilities listed in the description that weren't essential functions.

　　　　3. Iron Mountain need not respond further to Rog 6. The company's response identified the people who performed the functions of the project supervisor position during the identified time

period.  *See* Dkt. 5-1 at 5–6.  If Emerson wants to drill down further to determine precisely who did what, she can obtain that information through depositions and document requests.

4. Iron Mountain must amend its responses to Rogs 9 and 12 to answer whether, during the identified time periods, it would have been "an undue burden" for the company "to hold [Emerson's] project supervisor position for her return."  Dkt. 59-1 at 6, 9.  These are valid contention interrogatories, *see* FRCP 33(a)(2), and Iron Mountain didn't fully answer them.

5. If Iron Mountain answers "yes" to Rog 9, it must amend its responses to Rogs 10–11.  If Iron Mountain answers "yes" to Rog 12, it must amend its responses to Rogs 13–14.  For Rogs 10 and 13, the company need not state "each and every fact" that supports its contentions, but only the "material or principal facts" that do.  *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998).

\* \* \*

Iron Mountain must comply with this order and amend its responses on or before September 28, 2021.  Emerson's request for leave to move for attorneys' fees is denied; but to be clear, the Court's in-person or videoconference meet-and-confer requirement isn't optional.  *See* AGT Civil Standing Order § VII.B.

**IT IS SO ORDERED.**

Dated: September 9, 2021

ALEX G. TSE
United States Magistrate Judge