1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**NORTHERN DISTRICT OF CALIFORNIA**

8
9

**KIMBERLY EMERSON,**

CASE NO. 20-CV-08607-YGR

10

Plaintiff,

**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

11

vs.

Re: Dkt. No. 36

12
13

**IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC. AND INFORMATION MOUNTAIN INCORPORATED,**

14

Defendants.

United States District Court
Northern District of California

15        On October 15, 2021, plaintiff Kimberly Emerson filed this employment discrimination

16 action against defendants Iron Mountain Information Management Services, Inc., ("IMIMS") and

17 Iron Mountain Incorporated ("IM").  Currently pending is plaintiff's motion for leave to file a first

18 amended complaint ("FAC"), seeking to substitute Iron Mountain Information Management, LLC

19 ("IMIM") as Doe Defendant No. 1 and to add allegations of fact supporting a pattern of disability

20 discrimination, among other changes.  (Dkt. No. 36.)  Pursuant to the Court's scheduling order

21 (Dkt. No. 19), any motions to amend pleadings at this point in the proceedings require a showing

22 of good cause pursuant to Rule 16(b)(4).  The Court finds such good cause and therefore **GRANTS**

23 the motion.

24        Pursuant to General Order 71, on January 4, 2021, defendants identified Gia Allen,

25 Michelle Coffey, Michael Mahoney, and Sarah Rook as persons "known to defendant[s] who were

26 involved in making the decision to take the adverse action."  (Dkt. No. 36-1, ¶ 10.)  By e-mail

27 dated January 21, 2021, defendants advised plaintiff that Allen was employed by IMIMS and that

28 Mahoney, Coffey, and Rook were employed by IMIM.  (Dkt. No. 40-1 at 34.)  That email also

United States District Court
Northern District of California

1    stated that IMIM converted to IMIMS and that the former ceased to exist.  (*Id.*)  On March 12,

2    2021, in response to written discovery requests propounded by plaintiff on January 20, 2021,

3    including a request for organizational charts, defendants again identified Mahoney, Coffey, and

4    Rook as employees of IMIM but did not produce documents evidencing as much.  (Dkt. No. 36-1,

5    ¶ 12.)  On April 16, 2021, following the unsuccessful mediation conducted that day, plaintiff

6    requested to meet and confer with defendants regarding their allegedly defective written discovery

7    responses.  (*Id.* ¶ 14.)  A meet and confer occurred on May 3, followed by plaintiff sending

8    defendant a proposed joint discovery letter on May 5.  (*Id.* ¶¶ 15–16.)  Defendants did not send the

9    initial draft of their portion of the joint discovery letter until May 21.  (*Id.*)  Plaintiff submits that

10   she finally was compelled to add IMIM as a party to this action when, "[o]n June 2, 2021 defense

11   counsel removed the reference of deponent Mr. Mahoney as an employee of the Defendants and

12   asserted that he is only an employee of IMIM LLC for purposes of deposition."  (*Id.* ¶ 17.)  On

13   June 3, plaintiff's counsel requested defendants' agreement to a stipulation to join IMIM as a

14   named defendant because IMIM "was, and may still be, a direct employer of Plaintiff . . . ."  (Dkt.

15   No. 36-4.)[1]

16        Defendants "were open to stipulat[ing] to the filing of the proposed [FAC] in order to

17   avoid further law and motion."  (Dkt. No. 40 at 4.)  However, after the stipulation drafted by

18   plaintiff's counsel resulted in additional revisions, the parties were unable to resolve one last

19   change.  Specifically, on June 23, defendants proposed the following addition to the stipulation:

20   "WHEREAS, on January 21, 2021, Defendant Iron Mountain Information Management Services,

21   Inc. ("IMIMS") notified Plaintiff that three witnesses identified by Plaintiff were employed by

22   Iron Mountain Information Management, LLC ("IMIM") and not by IMIMS."  (Dkt. No. 36-1, ¶

23   25.)  In response, plaintiff's counsel suggested adding "Defendants contend" to the proposed

24   recital purportedly in order to put things in context.  (*Id.* ¶ 26.)  On July 8, defense counsel

25   communicated that she could not agree to this suggestion.  (*Id.* ¶ 27; *see also* Dkt. No. 40-1.)

26

27        [1] "Due to independent investigation after this case was filed, [plaintiff's counsel] learned
     that IMIM LLC was listed as the payor on Plaintiff's 2013 IRS-W-2 Forms."  (Dkt. No. 36-1, ¶

28   28.)

United States District Court
Northern District of California

1    Within a week of this communication, on July 13, plaintiff filed the instant motion.

2          A request to amend a pleading after the Court's deadline for doing so implicates both Rule

3    15 and 16.[2]  Rule 16(b) governs the issuance and modification of pretrial scheduling orders, and

4    Rule 15(a) governs amendment of pleadings.  Fed. R. Civ. P. 16(b) and 15(a).  "Rule 16(b)'s

5    'good cause' standard primarily considers the diligence of the party seeking the amendment."

6    *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Under Rule 15(a),

7    "[t]he four factors commonly used to determine the proprietary of a motion for leave to amend are

8    bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  *Abels v. JBC*

9    *Legal Group, P.C.*, 229 F.R.D. 152, 155–56 (N.D. Cal. 2005) (citing *Foman v. Davis*, 371 U.S.

10   178, 182 (1962)).

11         In evaluating plaintiff's diligence for purposes of Rule 16, the Court considers defendants'

12   argument that plaintiff unduly delayed in seeking the proposed amendments.  Defendants point to

13   the period between January 21, 2021, when they first advised plaintiff that the decisionmakers of

14   the alleged adverse action were employed by IMIM, and June 3, 2021, when plaintiff requested

15   the amendment to join IMIM.  (Dkt. No 40 at 4.)  However, the Court is not persuaded by

16   defendants' claim of undue delay because up until recently, they had been "open to stipulat[ing] to

17   the filing of the proposed [FAC] in order to avoid further law and motion."  (*Id.*)  Defendants

18   cannot now point to a failure of diligence on the part of plaintiff when, up until June 23, they

19   evidently did not consider any delay at that point so "undue" that they could not agree to the

20   stipulation for the filing of the FAC.[3]  Because the motion to amend was filed with reasonable

21   diligence after nearly securing such stipulation, the Court finds good cause to permit the filing of

22

23         [2] *See* Phillips, J. and Stevenson, J., FED. CIV. PRO. BEFORE TRIAL (Rutter Group Prac.
24   Guide) § 15:32 ("Once the scheduling order deadline has passed, Rule 16(b)(4) requires a party to
     show 'good cause' before being granted leave to amend the pleadings, *in addition to* the showing
25   required under Rule 15.") (emphasis in original).

26         [3] In addition, the Court finds any delay to add IMIM as a named defendant not
     unreasonable, particularly in light of plaintiff's initial written discovery requests propounded
27   shortly after defendants' General Order 71 disclosures.  Plaintiff specifically requested
     organizational charts presumably to determine the relationship between the various entities and
28   made subsequent efforts to resolve what she believed was a deficient discovery response by
     defendants in this regard.  (Dkt. No. 36-1, ¶¶ 11–16.)

3

United States District Court
Northern District of California

1    the FAC pursuant to Rule 16(b)(4).

2         Further, considering the factors applicable to leave to amend under Rule 15, the Court does

3    not find bad faith, undue delay, prejudice to defendants, or futility of the proposed amendment.

4    First, defendants do not suggest any bad faith or futility of the proposed amendments.  Indeed, the

5    party sought to be added, IMIM, appears to be wholly owned by defendant IM, and IMIM itself

6    appears to be a second-level parent of defendant IMIMS.[4]  In other words, a joint employment

7    relationship may exist between the currently named defendants and the proposed defendant.  Thus,

8    the Court cannot conclude that any bad faith exists in seeking the proposed amendments or that

9    such amendments would be futile.

10        Moreover, as discussed above, the Court is not persuaded that plaintiff unduly delayed in

11   bringing this motion.  Lastly, defendants argue that they will be "highly prejudic[ed]" by the

12   proposed amendments.  (Dkt. No. 40 at 4.)  However, defendants' claim of prejudice is predicated

13   entirely on the alleged delay and therefore appears disingenuous given their recent willingness to

14   agree to the proposed amendments.  Defendants do not otherwise explain how they would suffer

15   prejudice, apart from the delay.[5]  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

16   (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under Rule 15(a).") (internal quotations

17   and citations omitted).  Thus, plaintiff meets the objective factors for granting leave to amend.

18        Accordingly, the motion for leave to file the FAC is **GRANTED**.  Plaintiff shall file the

19   proposed FAC within **3 court days** of issuance of this Order.  Defendants shall file their response

20   within **10 calendar days** thereafter.

21

22

23        [4] Plaintiff's counsel avers that defendants responded to the discovery request for
24   organization charts as follows: "Defendant Iron Mountain Incorporated wholly owns Iron
     Mountain Information Management, LLC.  Iron Mountain Information Management, LLC wholly
25   owns Iron Mountain US Holdings, Inc., which wholly owns Defendant Iron Mountain Information
     Management Services, Inc."  (Dkt. No. 36-1, ¶ 12.)  However, counsel's declaration did not attach
26   the discovery response itself.

27        [5] Defendants' response brief primarily points to plaintiff's delay in other matters of this
     litigation, including her refusal to sit for a deposition, a dispute which has since been handled by
28   Magistrate Judge Tse.  These other matters of delay, while concerning, do not address the issue of
     prejudice suffered by defendants if the proposed amendments were permitted.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**The parties are reminded that federal courts are incredibly busy.  They should not be filing motions where reasonable stipulations can achieve the same result without the need for judicial intervention or prejudice to either side.**

This Order terminates Docket Number 36.

**IT IS SO ORDERED.**

Dated:  September 22, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE